■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK CROWLEY, Respondent. — Order, Supreme Court, Bronx County (Vincent A. Vitale, J.), entered on April 19, 1983, granting defendant's motion to suppress physical evidence and statements, is unanimously modified, on the law and facts, to deny the motion to suppress the physical evidence, and otherwise affirmed. Defendant was charged with two counts of criminal possession of a controlled

substance in the third degree (Penal Law, § 220.16). At the hearing on defendant's motion to suppress physical evidence and statements two police officers and defendant testified. The hearing court made the following findings of fact based upon the credible testimony of the two officers: The officers testified that, in response to information received from a radio run, the source of which was not presented at the hearing, they proceeded to the intersection of Jerome Avenue and North Street, in The Bronx. They parked their vehicle 30 to 35 feet opposite a blue Volvo and noted that the occupant of the car, as well as the car and its license plate number, fit the description given in the radio run. The officers observed what they believed to be three separate drug transactions between the defendant and unidentified buyers. They testified that they saw an exchange of money for what appeared to be drugs, a white substance contained in a clear packet. The officers then made a U-turn, approached the defendant's vehicle and identified themselves. As one officer arrested the defendant, the other seized the box from which they had observed the defendant take the glassine envelopes. In response to questions put to him at the time of arrest, defendant stated that he was just waiting for someone. He denied owning the box and disclaimed any knowledge of its contents. Although the hearing court credited the testimony of the officers, as described above, it nevertheless concluded that the People failed to establish probable cause for defendant's arrest and granted the motion to suppress. The court's conclusion was based in substantial part upon its inability, during a courtroom demonstration, staged at the court's request, to ascertain what was being held in the hand of a person stationed some 35 feet in front of the Bench, despite the fact that it was known that the person held paper money in his hand and was making no effort to conceal it. The court concluded that since the packets containing the narcotics were much smaller than the paper money, there was no necessity to attempt to view the packets at that specified distance. The fact that the court was unable to identify currency held in open view at a distance approximately 35 feet from the Bench was irrelevant to the issue of probable cause and the court erred in concluding, based upon that demonstration, that the police lacked probable cause for defendant's arrest. The applicable standard for determining the existence of probable cause to arrest and search without a warrant, in a case such as this, is set forth in *People v McRay* (51 NY2d 594, 602), where the court stated "[p]robable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction [citations omitted], but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed [citations omitted]. Arguably, the street exchange of a glassine envelope alone would provide the requisite level of certainty [citations omitted]". The *McRay* court observed further (p 604) that "if money is passed in exchange for the envelope, probable cause almost surely would exist * * * Exchange of currency negates all but the most implausible explanations for the transaction, and thus conveys more than sufficient indicia of a drug sale to warrant an arrest". Here, experienced police officers, armed with specific information, albeit from an unidentified source, that a white male in a blue Volvo with a specific license plate number was selling narcotics in a "narcotics prone" area, testified that on three separate occasions they observed money passed in exchange for glassine envelopes. Credited, as apparently it was, this evidence establishes probable cause for the arrest and the motion to suppress physical evidence should have been denied. Suppression of defendant's statements made at the time of his arrest was proper, however. Although the hearing court did not set forth any findings of fact in respect thereto, we can and do exercise our authority to make findings of fact based upon the record of the full and fair hearing. (*People*

*v Acosta,* 74 AD2d 640.) The record indicates that at the time of the arrest, the officers asked defendant the same questions on two separate occasions. The questioning occurred both prior to and after defendant was given the *Miranda* warnings. In both instances, defendant's response was the same; he said he was waiting for someone and that he did not own or know of the contents of the box. The statements made subsequent to defendant's arrest but prior to *Miranda* warnings were elicited pursuant to "custodial interrogation" and must be suppressed. (*Miranda v Arizona,* 384 US 436; *People v Quarles,* 58 NY2d 664.) The officers' questions constituted an "after-the-fact" investigation, designed to elicit an inculpatory response from defendant, not to clarify the nature of the situation confronted by the officers or to acquire general information before taking further action (cf. *People v Huffman,* 41 NY2d 29). Defendant's responses to questions posed after the *Miranda* warnings, although voluntary, were nevertheless tainted by prewarning statements. (*People v Quarles, supra,* at p 666.) At that point, minutes after the arrest, defendant could hardly change his response just given to the same questions. Concur — Sullivan, Bloom and Alexander, JJ.; Kupferman, J. P., and Silverman, J., concur in the result only.