(July 25, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT BURNICE, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered November 10, 1983, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

Defendant contends on this appeal that the evidence adduced against him was insufficient to support his conviction as a matter of law. The charge against defendant resulted from

the alleged theft of a wallet, containing a credit card and $58, from an office in the Governor Nelson A. Rockefeller Empire State Plaza in the City of Albany on June 2, 1983. At approximately 3:30 P.M. on the day in question, defendant was seen immediately adjacent to the desk from which the wallet was stolen. The wallet and credit card were later found abandoned in a trash can in the bathroom of an adjacent building. Defendant was subsequently arrested and, after being given his *Miranda* warnings, admitted to stealing the wallet. On September 12, 1983, defendant asked a correction officer at the Albany County Jail if he could make a telephone call to his attorney. Thereafter, the correction officer observed defendant dialing the victim's telephone number at work. At trial, the victim testified that defendant did, in fact, call her, at which time he admitted to stealing her wallet and offered to pay back the $58 if she would drop the charges.

Defendant argues that his abandonment of the wallet with the credit card still in it indicated that he did not intend to permanently deprive the victim of the credit card (*see,* Penal Law § 155.00 [3]). Based on the evidence, however, the jury could have concluded that defendant intended to permanently deprive the victim of her credit card.

Defendant also alleges that the jury charge was insufficient in that the trial court failed to define "deprive" and "appropriate" for the jury. Defendant's failure to except to the charge or to request more amplified instructions waives his right to contest the errors which he now claims to have occurred (*People v Robinson,* 36 NY2d 224). We see no reason for this court to exercise its discretion and interfere with the jury's verdict in the interest of justice (*see,* CPL 470.15 [3] [c]; [6]).

There is also no merit in defendant's contention that the trial court's conduct prejudiced his case. There was no undue interference by the trial court in the court proceedings to warrant a reversal of defendant's conviction.

Judgment affirmed. Main, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.