(May 26, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

RHODA SMITH and GEORGANN WRIGHT, Respondents.

The evidence presented to the Grand Jury was sufficient, when viewed in the light most favorable to the People, to establish each element of the crime of grand larceny in the third degree. Rafael Martell, security manager for the Century 21 Department Store at 12 Cortland Street in Manhattan, testified that on the afternoon of January 28, 1985, he observed two women, one in a black hat the other in a red hat, who were bumping into customers in the shoe department and touching the zippers on their handbags. Martell followed the women as they exited the store through the front entrance and reentered by a side door into the cosmetics department.

The women walked over to a shopper, Kathleen Ramirez, who was accompanied by her daughter. As Ramirez reached up for a lipstick, defendant-respondent Smith, who was wearing the black hat, pushed Ramirez forward and reached across her with her left hand. With her right hand, respondent unzipped Ramirez' shoulder bag and removed a cosmetics bag. Meanwhile, the woman in the red hat, codefendant Wright,* crowded against Ramirez' daughter in such a way as to block her view of what was happening. Respondent unzipped the cosmetics case and, after examining its contents, returned it to Ramirez' handbag. She then told Ramirez, "Miss, your pocketbook is open."

The two women, followed by Martell, left the cosmetics department and went to the second floor where respondent attempted to open another shopper's handbag. The security manager took the women into custody and called the police. Kathleen Ramirez testified that her cosmetics case had been closed and inside her zipped pocketbook before she was pushed by a woman wearing a black hat in the cosmetics department.

Contrary to the ruling of Supreme Court, the evidence was sufficient to show the defendants' intention to deprive the owner of the property at the moment of the taking. The offense of larceny is complete when there has been "a taking or severance of the goods from the possession of the owner"

---

* Codefendant Georgann Wright did not submit a brief on appeal.

and even momentary possession of another's property by the accused is sufficient *(Harrison v People,* 50 NY 518, 523 [1872]; *People v Alamo,* 34 NY2d 453, 457 [1974]; *see also, People v Olivo,* 52 NY2d 309, 318, n 6 [1981]). A jury might reasonably infer from the evidence that, at the moment respondent removed the case from the handbag, she acted with the requisite larcenous intent. Whether the subsequent return of the case negates a finding of intent "to deprive" or "to appropriate" the property is a question of fact for the petit jury *(People v Burnice,* 112 AD2d 642, 643 [3d Dept 1985]). Concur—Murphy, P. J., Sandler, Carro, Milonas and Rosenberger, JJ.