(May 1, 1990)

■ The People of the State of New York, Respondent, v John Sturkey, Appellant.—Judgment of the Supreme Court, New York County (William Davis, J.), rendered March 3, 1988, convicting the defendant, after a jury trial, of robbery in the third degree, criminal possession of a weapon in the third degree and reckless endangerment in the second degree and sentencing him to consecutive 2⅓-to-7-year terms on the robbery and weapons possession counts and a one-year concurrent term on the reckless endangerment count, is unanimously affirmed.

Defendant twice attempted to visit a former friend. On the second attempt the friend called the police and an officer responded to the scene. Defendant began fighting with the officer and twice grabbed for the officer's gun. Defendant obtained the gun and waved it around while holding the officer off. During the struggle, the gun dropped and the officer recovered it. Defendant fled but was apprehended and arrested by the officer.

Defendant urges that the evidence was insufficient to prove his larcenous intent in taking the officer's gun. The evidence, however, demonstrated that appellant wrongfully took the officer's gun with the specific intent to deprive him of the gun and appropriate it to himself (Penal Law § 155.05 [1]; § 155.00 [3], [4]). Defendant exercised dominion and control over the gun wholly inconsistent with the owner's continued rights (People v Robinson, 60 NY2d 982, 983-984). While defendant may have only possessed the gun for several moments, the robbery, including, of course, the larcenous intent necessary for its commission, was complete under the instant circumstances upon defendant's taking of the gun (see, e.g., People v Smith, 140 AD2d 259, 260-261).

It is also noted that the imposition of consecutive sentences for the robbery and criminal possession of a weapon convictions was not barred by Penal Law § 70.25 (2). Although the robbery and weapon possession were undeniably part of a single transaction, it has been held that "if separate and distinct acts were committed, and * * * they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction" *(People ex rel. Maurer v Jackson,* 2 NY2d 259, 264). In determining whether separate acts have been committed, factual interdependence of the offenses is not dispositive. Rather, the test is whether "the Legislature has seen fit to provide that up to a particular point the acts of the defendant constitute one crime and that the acts of the defendant, committed thereafter, constitute a second crime and that each series of acts constitut[e] a separate crime" *(People v Snyder,* 241 NY 81, 83-84; *accord, People v Day,* 73 NY2d 208, 212).

As noted, the robbery here at issue was complete the instant the defendant seized the officer's gun *(People v Smith,* 140 AD2d 259, 260-261, *supra).* Thus, the ensuing brief period of residual possession, while undoubtedly factually intertwined with the completed robbery, was, nevertheless, for purposes of the analysis required in applying Penal Law § 70.25 (2), a "separate act". The possession at issue is not possession of stolen property, in which case there would, under the circumstances, be a merger of the robbery and possession charges, but possession of a weapon, an independent crime regardless of the method by which the weapon was obtained. Concur—Murphy, P. J., Carro, Kassal and Rosenberger, JJ.