■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT L. O'CONNOR, Also Known as DUSTY, Appellant. [775 NYS2d 98]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered October 20, 2000, upon a verdict convicting defendant of the crimes of grand larceny in the fourth degree (five counts), criminal possession of stolen property in the fourth degree (five counts), criminal possession of a weapon in the fourth degree and possession of burglar's tools.

Police officers observed defendant walking down the street

carrying a duffle bag from which gun butts protruded. The officers commanded defendant to drop the bag, then lie on the ground. Defendant complied, at which time the officers frisked him for weapons and placed him in handcuffs. An officer then asked what was in the bag and where it came from, to which defendant responded, "It's my brother's" and said where his brother lived. The bag contained four rifles, a pair of pliers and a screwdriver.

Defendant was indicted for the crimes of burglary in the second degree, grand larceny in the fourth degree (five counts), criminal possession of stolen property in the fourth degree (five counts), criminal possession of a weapon in the fourth degree and possession of burglar's tools. Defendant unsuccessfully moved to suppress his oral statement to the police. Following a jury trial, at which defendant testified that he stole the guns but he did so after the homeowner invited him in, defendant was acquitted of burglary, but convicted of all the other counts charged in the indictment. When the People requested that he be sentenced as a persistent felony offender, a lengthy hearing was held. County Court determined that defendant was a persistent felony offender and sentenced him to concurrent prison terms of 25 years to life on each of the 10 felony convictions and one year on each of the misdemeanors. Defendant appeals.

Although County Court erred in denying defendant's suppression motion, the error was harmless. Everyone acknowledged that defendant, who was handcuffed, was in police custody at the time that he made the statement. The issue then became whether he was subject to interrogation or whether the question was "designed to clarify the nature of the situation confronted, rather than to coerce a statement" (*People v Huffman*, 41 NY2d 29, 34 [1976]). This was not a situation where the circumstances or defendant's conduct were merely suspicious and the police needed to clarify an ongoing and volatile situation (*compare id.* [the defendant, hiding in bushes, and officers asked what he was doing there]; *People v Stroman*, 118 AD2d 1006 [1986], *lv denied* 68 NY2d 672 [1986] [police needed to clarify which of two people in the area struck an injured individual]; *People v Rosen*, 112 AD2d 253 [1985] [questionable whether handgun was registered or unlawfully possessed]). Here, defendant was separated from the bag containing the guns and placed in handcuffs, so officer safety was not at issue. Additionally, because the officers were familiar with defendant and believed that he had a prior felony conviction, his mere possession of the rifles constituted criminal possession of a weapon (*see* Penal Law § 265.01 [4]), regardless of the source of the

rifles. The crime was complete through possession and the officers directly witnessed the crime. The question was designed to elicit an inculpatory response or further an investigation, not to clarify the situation before the officers could take further action (*see People v Bastian*, 294 AD2d 882, 884 [2002], *lv denied* 98 NY2d 694 [2002]; *People v Crowley*, 98 AD2d 628, 629-630 [1983]). Although suppression was mandated by this *Miranda* violation, County Court's error in denying suppression was harmless beyond a reasonable doubt based on the testimony of both officers who observed defendant with the rifles, plus defendant's own testimony wherein he admitted taking and possessing the rifles (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Bastian, supra* at 884).

Defendant's argument regarding County Court allowing victims of an uncharged crime to speak regarding sentencing are unpreserved and waived, as defendant and counsel agreed to allow the statements after the court specifically informed them that these individuals may not have a legal right to address the court. Evidence regarding an uncharged double homicide was properly admitted at the persistent felony hearing. At such a hearing, matters relating to a defendant's nature, history and criminal conduct, not just convictions, may be allowed (*see* CPL 400.20 [5]). Nevertheless, the court expressly delineated the evidence upon which it based its conclusion and specifically noted that it did not rely on any evidence of the double homicide, as defendant was not indicted for those crimes and the evidence was insufficient to convince the court that he was guilty of them.

County Court properly sentenced defendant as a persistent felony offender. To sentence a defendant as a persistent felony offender, the court must conclude that he or she was previously convicted of two felonies for which a sentence of over one year was imposed, after which the court must consider other enumerated factors to determine whether enhanced sentencing is warranted (*see* Penal Law § 70.10; CPL 400.20; *People v Rosen*, 96 NY2d 329, 334-335 [2001], *cert denied* 534 US 899 [2001]). The first prong was established when defendant admitted that he had previously been convicted of one class D and two class E felonies in New York. The question then became whether "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]; *see* CPL 400.20 [1]). Based on defendant's 15-year adult criminal history, three separate prior felony convictions, over 20 other convictions and numerous

other arrests in New York and five other states, his violation and revocation of parole each time he was granted parole release, his recidivism by committing crimes, sometimes within one day after his release, possession of weapons during many of his offenses, his apparent lack of recognition or concern that he planned to sell stolen firearms to a drug addict, and that he had been incarcerated for 11 of his 15 years as an adult, "we cannot conclude that County Court abused its discretion in determining that defendant's 'history and character' and 'the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision' " were in the public's best interest (*People v Stokes*, 290 AD2d 71, 76 [2002], *lv denied* 97 NY2d 762 [2002], *cert denied* 537 US 859 [2002], quoting Penal Law § 70.10 [2]). Although defendant's numerous arrests and convictions were generally for larcenous-type offenses not involving violence, considering his repeated conduct, his inability to refrain from breaking the law, his being armed during the commission of many of these crimes, and his consistent failure to cooperate with mental health and substance abuse treatment both in and out of prison, the court did not abuse its discretion by imposing the maximum sentence for a persistent felony offender (*see People v Cunningham*, 106 AD2d 683, 684 [1984]).

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.