■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RAMOS, Appellant. [786 NYS2d 424]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered September 26, 2002, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously

modified, as a matter of discretion in the interest of justice, to reduce the sentence to a term of 10 years, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The prior relationship among the parties, and the atypical nature of the robbery and its aftermath, presented factual issues that the jury properly resolved. The evidence warranted the conclusion that, at the time of the robbery, defendant and his codefendant sought to permanently deprive the victim of her property, even though they later changed their minds and returned it (*see People v Smith*, 140 AD2d 259, 260-261 [1988], *lv denied* 72 NY2d 924 [1988]).

Defendant's challenge to the receipt in evidence of a tape recording of the victim's 911 call as an excited utterance is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it for the reasons stated in our decision on the codefendant's appeal (*People v Veeraswamy*, 11 AD3d 345 [2004]).

Defendant failed to preserve his challenge to a summation comment, in which the prosecutor argued to the jury that an object appearing in a videotape of defendant made shortly after the robbery was the revolver used in the robbery, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the challenged comment asked the jury to draw a reasonable inference from the evidence (*see People v Mirenda*, 23 NY2d 439, 452-454 [1969]; *People v Del Vermo*, 192 NY 470, 478-482 [1908]).

The record establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We find the sentence excessive to the extent indicated. Concur—Buckley, P.J., Williams, Lerner, Gonzalez and Sweeny, JJ.