■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARLYN M. GAUSE, Appellant. [856 NYS2d 287]—

Malone Jr., J. Appeal from a judgment of the County Court of

Chemung County (Hayden, J.), rendered October 13, 2006, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On October 12, 2005, correction officials at Elmira Correctional Facility in Chemung County ordered a general frisk of cells on the gallery where defendant was housed. During the frisk, defendant was handcuffed and removed from his cell to an area where he was directed to sit on a special chair, known as the BOSS chair, that detected metal objects. Defendant was twice asked if he had metal objects on his person and, following his denials, the BOSS chair indicated that he was lying. As a result, defendant was then taken to the frisk room in the special housing unit where his handcuffs were removed, he was placed with his hands against the wall and was advised that he was going to be strip frisked. Prior to the frisk, defendant was asked if he had anything on him and he replied that he had a weapon secreted in his buttocks. At this point, he voluntarily surrendered a doubled over razor blade with tape on one end wrapped in tissue.

Defendant was subsequently charged in an indictment with promoting prison contraband in the first degree. Prior to trial, he moved, among other things, to suppress his statement admitting to possession of the contraband. Following a *Huntley* hearing, County Court denied the motion. Defendant was ultimately convicted after a jury trial and he was sentenced as a second felony offender to a prison term of 2½ to 5 years. He now appeals.

Defendant contends that County Court erred in denying his motion to suppress the statement because he made it without first having been given *Miranda* warnings. Preliminarily, we note that *Miranda* warnings need only be administered to a prison inmate where " 'the circumstances of the detention and interrogation . . . entail added constraint that would lead a prison inmate reasonably to believe that there has been a restriction on that person's freedom over and above that of ordinary confinement in a correctional facility' " (*People v Van Patten*, 48 AD3d 30, 33 [2007], quoting *People v Alls*, 83 NY2d 94, 100 [1993], *cert denied* 511 US 1090 [1994]). Here, defendant was removed from his cell, handcuffed, detained and directed to sit on the BOSS chair and then escorted to the frisk room in the special housing unit under close guard where he was to be strip frisked. Under these circumstances, we find that defendant was under added constraint of the type that required him to be given *Miranda* warnings prior to any custodial interrogation (*see People v Van Patten, supra*; *see also People v Cruz*,

258 AD2d 823 [1999], *lv denied* 93 NY2d 1002 [1999]; *cf. People v Douglas*, 12 AD3d 1174 [2004]; *People v Ward*, 241 AD2d 767 [1997], *lv denied* 91 NY2d 837 [1997]).

It is undisputed that *Miranda* warnings were not administered to defendant. County Court, however, found that *Miranda* warnings were unnecessary because the question that prompted defendant's admission was motivated by a safety concern relating to the removal of a dangerous weapon from the correctional facility. The public safety exception to the *Miranda* rule has been applied where law enforcement officials have posed questions motivated by a concern for their own safety and that of the general public, such as to ascertain the location of a weapon in a public area, and not for the purpose of obtaining an incriminating response (*see New York v Quarles*, 467 US 649, 655-656 [1984]; *People v Johnson*, 46 AD3d 276, 277 [2007]; *People v Scotchmer*, 285 AD2d 834, 836 [2001], *lv denied* 96 NY2d 942 [2001]; *People v Sanchez*, 255 AD2d 614, 615 [1998], *lv denied* 92 NY2d 1053 [1999]). Significantly, it has not been applied in a prison context such as this where a question was asked of an inmate by a correction officer during a strip frisk, the very purpose of which was to seize a weapon. Inasmuch as it may be reasonably inferred that the question was intended to elicit incriminating information in furtherance of the strip frisk, we are of the view that the public safety exception is inapplicable and that *Miranda* warnings should have been given to defendant (*see e.g. People v Hope*, 284 AD2d 560, 562 [2001]).

Nevertheless, we find this error to be harmless under the circumstances presented. The testimony of the correction officer who conducted the strip frisk together with the blade itself, the admissibility of which was not challenged at trial, provided overwhelming proof of defendant's guilt (*see People v Payne*, 41 AD3d 512, 514 [2007]; *People v Chatman*, 38 AD3d 1282, 1283 [2007], *lv denied* 8 NY3d 983 [2007]). Accordingly, we find that County Court's error in denying suppression was harmless beyond a reasonable doubt (*see People v O'Connor*, 6 AD3d 738, 740 [2004], *lv denied* 3 NY3d 645 [2004]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]).

Cardona, P.J., Carpinello, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.