■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL STUART, Appellant. [858 NYS2d 158]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered October 8, 2004, convicting defendant, after a jury trial, of grand larceny in the second degree and practicing or appearing as an attorney-at-law without being admitted and registered (Judiciary Law § 478), and sentencing

him to an aggregate term of 2 to 6 years, with restitution in the amount of $87,000, unanimously affirmed.

The court properly declined to instruct the jury on the theory of larceny by false promise and its special "moral certainty" standard of proof (Penal Law § 155.05 [2] [d]). The evidence primarily supported a theory of larceny by false pretenses (Penal Law § 155.05 [2] [a]), particularly with regard to defendant's misrepresentations as to his qualification to render legal services. Even though the evidence may have also supported the theory of larceny by false promise, the People were entitled to elect between these theories (*see People v King*, 85 NY2d 609, 625 [1995]). Defendant did not preserve his claim that the court's charge actually authorized a conviction on a false promise theory, without including the statutory "moral certainty" language, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. There is nothing in the charge to suggest a false promise theory.

Defendant did not preserve (*see People v Gray*, 86 NY2d 10, 19 [1995]) his claim that the evidence was legally insufficient to establish that the victim named in the indictment was the owner of the stolen funds and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. In addition, we find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence showed that the victim had a right of possession to the funds in her corporation's bank account superior to that of defendant (*see People v Hutchinson*, 56 NY2d 868, 869 [1982]; *People v Marshall*, 293 AD2d 629 [2002], *lv denied* 98 NY2d 711 [2002]). Defendant's related argument concerning the restitution order is likewise unpreserved and without merit (*see People v Scott*, 15 AD3d 884 [2005], *lv denied* 4 NY3d 856 [2005]). Concur—Lippman, P.J., Andrias, Nardelli, Acosta and DeGrasse, JJ.