■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBINSON MANRIQUE, Appellant. [880 NYS2d 51]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered January 3, 2008, convicting defendant, after a jury trial, of grand larceny in the fourth degree (two counts), criminal possession of stolen property in the fourth degree (two counts), petit larceny and criminal possession of

stolen property in the fifth degree, and sentencing him to an aggregate term of five years' probation, unanimously affirmed.

We reject defendant's argument that his convictions relating to the theft and possession of two credit cards were against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that defendant stole a purse that the owner had briefly left unattended in a restaurant. That defendant went outside, took money from the purse, placed the purse under his clothing and began to walk back into the restaurant does not warrant an inference that defendant intended to return the bag and its remaining contents, or that he did not intend to permanently deprive the owner of the two credit cards that remained in the bag. Defendant's act of secreting the bag under his garments when returning to the restaurant evinced an intent to keep the bag, and the jury could have reasonably concluded that defendant was looking for a more private location before removing more property from the bag. Furthermore, when defendant returned to the restaurant, he did not seek out the owner of the purse. Finally, when a police officer confronted defendant and tried to recover the purse, defendant again evinced an intent to keep it when he slapped away the officer's hand and shoved him. In any event, "even momentary possession of another's property by the accused is sufficient" (*People v Smith*, 140 AD2d 259, 261 [1988], *lv denied* 72 NY2d 924 [1988] [citations omitted]). Concur—Gonzalez, P.J., Mazzarelli, Buckley, Renwick and Abdus-Salaam, JJ.