# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1304**

**KA 10-02450**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JERRY JOSLYN, SR., DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

JASON L. COOK, DISTRICT ATTORNEY, PENN YAN (PATRICK T. CHAMBERLAIN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered November 9, 2010. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree and falsely reporting an incident in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law § 155.30 [7]), for trading a rifle that had been placed in his possession for safe keeping, and falsely reporting an incident in the third degree (§ 240.50 [3] [a]), for falsely reporting a burglary to cover up the larceny. Defendant contends that the evidence is legally insufficient to support his conviction inasmuch as his testimony that he was on pain medication that caused memory loss and confusion demonstrated that he lacked the requisite intent to commit the charged crimes. Defendant failed to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19), and in any event his contention lacks merit. "[V]iewing the evidence in the light most favorable to the prosecution" (*People v Contes*, 60 NY2d 620, 621), we conclude that a rational jury could have found that, despite defendant's alleged intoxication, defendant intended to " 'deprive [the victim] of [his rifle] or to appropriate the same' " (*People v Jennings*, 69 NY2d 103, 118, quoting § 155.05 [1]; *see generally People v Bleakley*, 69 NY2d 490, 495) and knowingly made a false report (*see generally* § 240.50). Additionally, although a different result would not have been unreasonable (*see People v Danielson*, 9 NY3d 342, 348), we conclude that, viewing the evidence in light of the element of intent as charged to the jury (*see id.* at 349), the verdict with respect to that element is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that County Court erred in granting the prosecutor's motion in limine seeking to preclude defense counsel from impeaching the People's witnesses upon cross-examination with certain prior arrests and traffic infractions.  Defense counsel, however, waived that contention when he confirmed that he had no objection to the court's ruling (*see generally People v Graham*, 292 AD2d 824, 824, *lv denied* 98 NY2d 697).  With respect to defendant's contention that the prosecutor's cross-examination of him exceeded the scope of direct examination, we note that, "in a criminal case, a party may prove through cross-examination any relevant proposition, regardless of the scope of direct examination" (*People v Sanders*, 2 AD3d 1420, 1420-1421 [internal quotation marks omitted]).

Finally, we reject defendant's contention that he was denied effective assistance of counsel.  Although defendant contends that defense counsel was ineffective because he did not oppose the prosecutor's in limine motion, " '[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success' " (*People v Harris*, 97 AD3d 1111, 1111-1112, *lv denied* 19 NY3d 1026, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  Additionally, " 'it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712, quoting *People v Rivera*, 71 NY2d 705, 709), and here defendant failed to meet that burden (*see People v Rogers*, 70 AD3d 1340, 1340, *lv denied* 14 NY3d 892, *cert denied* ___ US___, 131 S Ct 475).  Instead, "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court