# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1041**
**KA 10-02080**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

SAMUEL L. JACKSON, JR., DEFENDANT-APPELLANT.

---

EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered July 28, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [b]), arising from an incident in which he refused to pay a prostitute the agreed-upon price for a sex act and then stole money from her by threatening her with what appeared to be a handgun, but was established to be a pellet gun. We reject defendant's contention that the verdict is against the weight of the evidence based on, inter alia, the complainant's lack of credibility. We agree with defendant that, "based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), however, we conclude that the jury did not fail to give the evidence the weight it should be accorded. " '[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury' " (*People v West*, 118 AD3d 1450, 1451-1452, *lv denied* 24 NY3d 1048), and we see no reason to disturb the jury's determination of those issues in this case.

We reject defendant's further contention that he was denied effective assistance of counsel. Insofar as defendant's contention is based on his trial attorney's failure to file a speedy trial motion, that contention is without merit. The record establishes that the People declared their readiness for trial within five months of the commencement of the proceeding, and there is no indication of any additional time that is chargeable to the People. Thus, any CPL 30.30

motion would have been without merit (*see* CPL 30.30 [1] [a]), and defendant was not "denied effective assistance of trial counsel merely because counsel [did] not make a motion or argument that [had] little or no chance of success" (*People v Joslyn*, 103 AD3d 1254, 1256, *lv denied* 21 NY3d 944 [internal quotation marks omitted]; *see People v Barksdale*, 129 AD3d 1497, 1498). With respect to defendant's contention that his attorney was ineffective in failing to seek immunity for a prosecution witness, we note that, " '[p]ursuant to CPL 50.30, the trial court may confer immunity to witnesses in a criminal proceeding only when expressly requested to do so by the District Attorney' " (*People v Bolling*, 24 AD3d 1195, 1196, *affd* 7 NY3d 874). Here, the prosecutor made no such request, and defendant's contention lacks merit insofar as defendant contends that defense counsel should have "demanded" that the prosecutor make such a request. In order "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709; *see People v Benevento*, 91 NY2d 708, 712), and defendant failed to meet that burden here (*see People v Holland*, 126 AD3d 1514, 1515, *lv denied* 25 NY3d 1165; *People v Torres*, 125 AD3d 1481, 1482-1483, *lv denied* 25 NY3d 1172). Based upon our examination of the entire record, we conclude that "the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

The sentence is not unduly harsh or severe.

Entered: October 2, 2015                    Frances E. Cafarell
                                            Clerk of the Court