*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                106335
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                 MEMORANDUM AND ORDER

BRIAN ALLEN,
                    Appellant.
_____

Calendar Date:   September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Mitch Kessler, Cohoes, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel) for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered November 26, 2013, upon a verdict
convicting defendant of the crimes of criminal possession of a
weapon in the third degree, grand larceny in the fourth degree
and petit larceny.

        On March 30, 2013, while the two were waiting at a bus
station in the City of Kingston, Ulster County, defendant reached
into the coat pocket of the victim and took his wallet.  The
victim was able to retrieve his wallet with the aid of two
bystanders, and defendant departed the station in haste.  The
police responded and located defendant, who was placed under
arrest and found to have a switchblade knife in his possession.
Defendant was thereafter charged in an indictment with several

offenses.  Following a jury trial, he was convicted of criminal possession of a weapon in the third degree, grand larceny in the fourth degree and petit larceny.  County Court sentenced defendant, a second felony offender, to an aggregate prison term of 5½ to 11 years.  Defendant now appeals.

Defendant initially argues that the convictions for grand larceny in the fourth degree and petit larceny were against the weight of the evidence, as the proof did not show that he took the wallet with the requisite "intent to deprive another of property or to appropriate the same to himself or to a third person" (Penal Law § 155.05 [1]; see Penal Law §§ 155.00, 155.25, 155.30 [5]).  The proof must show more than "an intent temporarily to use property without the owner's permission, or even an intent to appropriate outright the benefits of the property's short-term use" (People v Jennings, 69 NY2d 103, 119 [1986]).  Rather, a defendant must aim "to permanently deprive the victim[] of the property" (People v Medina, 18 NY3d 98, 105 [2011]; see People v Jennings, 69 NY2d at 118; People v Jacobs, 52 AD3d 432, 433 [2008], lv denied 11 NY3d 833 [2008]; see also People v Parker, 121 AD3d 1190, 1191 [2014]).  "Larcenous intent is rarely susceptible of proof by direct evidence, and must usually be inferred from the circumstances surrounding the defendant's actions" (People v Russell, 41 AD3d 1094, 1096 [2007], lv denied 10 NY3d 964 [2008] [citations omitted]; see People v Phoenix, 115 AD3d 1058, 1060 [2014], lv denied 23 NY3d 1024 [2014]).

Here, defendant testified that he was seeking to buy a bus ticket, but did not have the money to do so and had become "desperate."  He had just panhandled a dollar from the victim and, in so doing, became aware of where the victim kept his wallet and that there was an additional $50 in it.  Defendant proceeded to sit down next to the victim, jam his hand into the victim's pocket and take the wallet.  Defendant then walked toward the other side of the bus station while he rifled through the wallet, which the victim was able to grab back after defendant became distracted by multiple individuals who demanded that he return it.  Defendant testified that he took the wallet in a drunken stupor, perceiving it as a game, and denied having

any interest in permanently depriving the victim of the wallet or its contents.  Those claims flew in the face of his need for money, however, as well as the testimony of the victim and others that defendant did not appear to be intoxicated and did not have a playful – or, for that matter, any – prior relationship with the victim.  The jury rejected the self-serving account offered by defendant as to the reasons for his behavior and, according due deference to that credibility determination, we conclude that the larceny convictions are not against the weight of the evidence (see People v Joslyn, 103 AD3d 1254, 1255 [2013], lv denied 21 NY3d 944 [2013]; see also People v Smith, 140 AD2d 259, 260-261 [1988], lv denied 72 NY2d 924 [1988]; People v Burnice, 112 AD2d 642, 643 [1985]).

Defendant next asserts that County Court erred in denying his application to suppress his admission to the arresting officer that he had a knife.  The statement was made after defendant had been detained for a considerable period of time and, in fact, after he had been handcuffed and placed under arrest.  The officer had not administered Miranda warnings at that point.  County Court found the statement to be admissible because defendant was not in custody when the officer questioned him regarding weapons on his person but, as the People commendably concede, that finding was erroneous (see New York v Quarles, 467 US 649, 655 [1984]; People v Nehma, 101 AD3d 1170, 1172 [2012]; People v Gause, 50 AD3d 1392, 1393-1394 [2008]).  The People advance a different rationale for upholding the suppression ruling, but CPL 470.15 (1) prevents us "from reviewing an issue that was . . . not decided by the trial court" (People v Ingram, 18 NY3d 948, 949 [2012]; see People v LaFontaine, 92 NY2d 470, 474 [1998]).  We therefore turn to the issue of whether the failure to suppress the statement was harmless.

Defendant does not now dispute that probable cause existed to justify his arrest and, as a result, the knife itself was properly recovered in the search of his person that followed (see Maryland v King, ___ US ___, ___, 133 S Ct 1958, 1970-1971 [2013]; People v Hill, 30 AD3d 687, 688 [2006]).  At trial, defendant denied admitting to having the knife and, indeed,

testified that he did not have "knowing and voluntary possession" of it, claiming that he had been given the knife months earlier and had forgotten about it (People v Wood, 58 AD3d 242, 248 [2008], lv denied 12 NY3d 823 [2009]; see Penal Law §§ 15.00 [2]; 265.01 [1]; 265.02 [1]; People v Saunders, 85 NY2d 339, 341-342 [1995]).  He offered no explanation as to how he could have failed to notice a switchblade that had been in his coat pocket for months, however, and "possession suffices to permit the inference that the possessor knows what he [or she] possesses, especially, but not exclusively, if it is in his [or her] hands, on his [or her] person, in his [or her] vehicle, or on his [or her] premises" (People v Reisman, 29 NY2d 278, 285 [1971], cert denied 405 US 1041 [1972]; see People v Smith, 32 AD3d 1318, 1320 [2006], lv denied 7 NY3d 929 [2006]).  This proof, in short, constitutes "overwhelming evidence of defendant's guilt, and there is no reasonable possibility that the jury would have accepted his incredible testimony, in which he attempted to explain his possession of" the knife (People v Wilson, 93 AD3d 483, 484 [2012], lv denied 19 NY3d 978 [2012]; see People v Gause, 50 AD3d at 1394; People v O'Connor, 6 AD3d 738, 739-740 [2004], lvs denied 3 NY3d 639, 645 [2004]).  Thus, we find that the failure to suppress the statement was harmless error.

Contrary to defendant's further contention, County Court properly allowed the People to submit proof regarding his prior convictions as part of their case-in-chief.  "While evidence of prior bad acts or uncharged crimes is inadmissible to prove the crime charged or to show a defendant's propensity to commit this crime, an exception to this rule exists where the evidence is admitted to show a defendant's intent, especially after the defendant has put his or her intent [in] issue" (People v Wright, 5 AD3d 873, 875 [2004], lv denied 3 NY3d 651 [2004] [citations omitted]; see People v Ingram, 71 NY2d 474, 479 [1988]; People v Wilson, 100 AD3d 1045, 1047 [2012], lv denied 22 NY3d 998 [2013]).  Defendant did just that from the outset of the trial and, as a result, his prior convictions for various larceny offenses, robbery in the third degree and criminal possession of stolen property in the fifth degree became relevant.  The record reflects that County Court properly weighed the probative value of that evidence against its potential for prejudice, excluded

the remainder of defendant's criminal history and repeatedly gave appropriate limiting instructions (see People v Wilson, 100 AD3d at 1047-1048; People v Carter, 50 AD3d 1318, 1321-1322 [2008], lv denied 10 NY3d 957 [2008]).

Defendant's remaining challenge to the jury instructions given by County Court is unpreserved and, in any event, without merit.

Lahtinen, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court