# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**296**
**KA 13-01915**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JESSE F. JOHNSTON, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS.,
SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

JESSE F. JOHNSTON, DEFENDANT-APPELLANT PRO SE.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER
EAGGLESTON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F.
Kocher, J.), rendered May 8, 2013.  The judgment convicted defendant,
upon his plea of guilty, of criminal possession of a weapon in the
second degree, burglary in the second degree (three counts), burglary
in the third degree and criminal possession of stolen property in the
third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him
upon a guilty plea of, inter alia, criminal possession of a weapon in
the second degree (Penal Law § 265.03 [3]) and three counts of
burglary in the second degree (§ 140.25 [2]).  By pleading guilty,
defendant forfeited his contention that he was denied his statutory
right to a speedy trial (*see People v O'Brien*, 56 NY2d 1009, 1010;
*People v Schillawski*, 124 AD3d 1372, 1372-1373, *lv denied* 25 NY3d
1207; *People v Mayo*, 45 AD3d 1361, 1362).  Even assuming, arguendo,
that defendant's related contention that he was denied effective
assistance of counsel based on defense counsel's failure to move to
dismiss the indictment pursuant to CPL 30.30 survives his guilty plea
(*see generally People v La Bar*, 16 AD3d 1084, 1085, *lv denied* 5 NY3d
764), we conclude that it is without merit.  It is well settled that
"[a] defendant is not denied effective assistance of . . . counsel
merely because counsel does not make a motion or argument that has
little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287,
*rearg denied* 3 NY3d 702; *see People v Patterson*, 115 AD3d 1174, 1175-
1176, *lv denied* 23 NY3d 1066).  Here, any CPL 30.30 motion would have
been without merit inasmuch as the People timely declared their
readiness for trial and there was no postreadiness delay attributable

to the People (*see People v Jackson*, 132 AD3d 1304, 1305).

Defendant did not move to withdraw his plea or vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea was not voluntarily entered (*see People v Brinson*, 130 AD3d 1493, 1493, *lv denied* 26 NY3d 965).  This case does not fall within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 665) because nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea (*see Brinson*, 130 AD3d at 1493).  Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

We have examined the contentions raised by defendant in his pro se supplemental brief and conclude that, to the extent they have not been addressed herein, they are without merit.

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court