People v Davis (2018 NY Slip Op 08972)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Davis

2018 NY Slip Op 08972

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

109001

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
vJAMES DAVIS, Appellant.

Calendar Date: November 14, 2018
Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Stitt Jr. of counsel), for respondent.

MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered October 26, 2016, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the third degree, promoting prison contraband in the first degree (two counts) and criminal possession of a controlled substance in the fifth degree.
Defendant, an inmate, was charged with criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the fifth degree and two counts of promoting prison contraband in the first degree after he admitted to being in possession of a weapon and drugs as he was frisked during a search of his cell. Defendant's motion to suppress his statement was denied following a Huntley hearing, and defendant subsequently pleaded guilty to all charges. Thereafter, he was sentenced to concurrent prison terms of 2 to 4 years for each conviction of promoting prison contraband in the first degree, 2 to 4 years for his conviction of criminal possession of a weapon in the third degree and 2½ years for his conviction of criminal possession of a controlled substance in the fifth degree, with these sentences to be served consecutively to the sentence he was then serving. Defendant appeals.
Defendant's sole contention on appeal is that County Court erred in denying his motion to suppress his statement to the correction officer because he made it without first having been given Miranda warnings. "In a correctional facility, Miranda warnings are necessary where the circumstances of the detention and interrogation entail added constraint that would lead a prison inmate reasonably to believe that there has been a restriction on that person's freedom over and above that of ordinary confinement in a correctional facility. A Miranda warning is not necessary for relatively brief, generally public, or otherwise on-the-scene investigatory detentions that are typically not custodial" (People v Decker, 159 AD3d 1190, 1191 [2018] [internal quotation marks, ellipsis and citations omitted], lv denied 31 NY3d 1116 [2018]).
At the suppression hearing, correction officer Chad Stickney testified that he and another correction officer, Jason Hanson, were assigned to conduct a search of defendant's cell. They removed defendant from his cell and took him to the end of the galley where he was directed to place his hands against a wall so that Hanson could conduct a pat frisk. Defendant was not shackled or isolated. As Hanson conducted the frisk, he turned to Stickney and said, "There's contraband," then he turned to defendant and asked him whether he had contraband on his person. In response, defendant admitted that he had "a weapon and drugs." Stickney then placed defendant in handcuffs and, during an ensuing strip search, a "scalpel type weapon" and a quantity of the controlled substance Buprenorphine were discovered. Under these circumstances, the pat frisk of defendant in connection with the search of his cell was a routine "on-the-scene investigatory detention" (People v Darrell, 145 AD3d 1316, 1319 [2016], lv denied 29 NY3d 1125 [2017]; see People v Decker, 159 AD3d at 1191; cf. People v Gause, 50 AD3d 1392, 1393 [2008]; People v Van Patten, 48 AD3d 30, 33 [2007], lv denied 10 NY3d 845 [2008]). Accordingly, the search was not a custodial interrogation requiring Miranda warnings, and the suppression motion was properly denied.
Devine, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.