Matter of Zachary L. (2023 NY Slip Op 03735)

Matter of Zachary L.

2023 NY Slip Op 03735

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

534910
[*1]In the Matter of Zachary L., Alleged to be a Juvenile Delinquent. Broome County Attorney, Respondent; Zachary L., Appellant.

Calendar Date:May 31, 2023

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Mitchell S. Kessler, Cohoes, for appellant.
Robert G. Behnke, County Attorney, Binghamton (Ryan R. Matt of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Family Court of Broome County (Hollie S. Levine, J.), entered January 26, 2022, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
In December 2020, respondent, who was 12 years old at the time, allegedly took his stepfather's wallet, made unauthorized purchases on two of the stepfather's credit cards and then hid the wallet under his bed. In January 2021, petitioner commenced this juvenile delinquency proceeding alleging that respondent had committed acts which, if committed by an adult, would constitute the crime of grand larceny in the fourth degree (see Penal Law § 155.30 [4]). Respondent, who was not in detention, made his initial appearance with counsel on February 1, at which time Family Court, over petitioner's objection, granted respondent's request for a referral to the Broome County Probation Department (hereinafter Probation) for adjustment services (see Family Ct Act § 320.6).[FN1] Adjustment began on March 18, for an initial three-month term; however, on June 7, prior to expiration of the three-month term, Probation requested a 60-day extension, which Family Court granted (see Family Ct Act § 308.1 [9]), extending the term until August 18. Subsequently, on August 11, Probation submitted an application to restore the matter to Family Court's calendar due to respondent's alleged failure to abide by the adjustment terms and conditions. Respondent cross-moved to dismiss the application on various grounds, which petitioner opposed. After brief oral argument, Family Court denied respondent's cross-motion for dismissal. Ultimately, Family Court restored the matter to the calendar and the parties appeared on September 13 for what the court characterized as an initial appearance. A fact-finding hearing was scheduled to commence on November 1 and continue on November 8, for one hour each day. Fact-finding did not commence, however, because the parties notified Family Court that a settlement had been reached. Then, on November 8, respondent admitted that he committed an act that, if done by an adult, would constitute the crime of petit larceny (see Penal Law § 155.25). After a predispositional investigation and hearing, Family Court adjudicated respondent a juvenile delinquent and, on his consent, placed him under the supervision of Probation for a period of 12 months. Respondent appeals.
Respondent first contends that the petition was facially insufficient because it failed to establish the intent element of grand larceny. "Family Ct Act § 311.2 states that a petition is considered facially sufficient when, among other things, non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Matter of Joshua VV., 68 AD3d 1172, 1173 [3d Dept 2009] [internal quotation marks and citations omitted]). As relevant [*2]here, "[a] person is guilty of grand larceny in the fourth degree when he [or she] steals property and when . . . [t]he property consists of a credit card or debit card" (Penal Law § 155.30 [4]). As to intent, the person must have the "intent to deprive another of property or to appropriate the same to himself [or herself]" (Penal Law § 155.05 [1]). Although respondent argues that intent is not clearly stated in the petition, respondent's intent can be inferred by his actions, as stated in the petition and attached supporting depositions, of taking the credit cards and using them without permission and then hiding them from his stepfather after he made unauthorized purchases (see People v Graham, 215 AD3d 998, 1004 [3d Dept 2023]; People v Khalil, 206 AD3d 1300, 1305 [3d Dept 2022], lv denied 38 NY3d 1188 [2022], cert denied ___ US ___ [May 1, 2023]). Although respondent argues that a supporting deposition attached to the petition demonstrates that respondent did not know why he took the wallet and used the credit cards to make purchases, his actions demonstrate that he wrongfully and willfully took the credits cards from his stepfather and used them without his permission (see generally People v Allen, 132 AD3d 1156, 1157-1158 [3d Dept 2015], lv denied 26 NY3d 1107 [2016]). As such, the petition is not jurisdictionally defective.
Next, respondent argues that his right to a speedy trial was violated. "Where [a] juvenile is not detained, an adjudication on the merits of the petition's charges, known as the 'fact-finding' phase of the process, 'shall commence not more than [60] days after the conclusion of the initial appearance,' subject to adjournments for good cause and special circumstances" (Matter of Robert O., 87 NY2d 9, 13 [1995] [citations omitted], quoting Family Ct Act § 340.1 [2]). A court may adjourn a fact-finding hearing "on its own motion or on motion of the presentment agency for good cause shown for . . . not more than [30] days if the respondent is not in detention" and "[t]he court shall state on the record the reason for any adjournment of the fact-finding hearing" (Family Ct Act § 340.1 [4] [a]; [5]). However, "a judicial referral for adjustment under Family C[t] Act § 320.6 operates to toll the limitations period set forth in Family C[t] Act § 340.1" (Matter of Aaron J., 80 NY2d 402, 407 [1992]). "Efforts at adjustment . . . may not extend for a period of more than three months without leave of the court, which may extend the period for an additional two months" (Family Ct Act § 308.1 [9]).
Here, the record establishes that the initial appearance on the petition was on February 1, 2021, at which time respondent appeared with counsel, was arraigned and entered a general denial to the petition (see Family Ct Act §§ 320.1; 320.4).[FN2] Measured from the February 1 initial appearance date, 273 days passed before the scheduled November 1, 2021 fact-finding hearing.[FN3] Of the 273 days, tolling for the entire adjustment period of 153 days[*3],[FN4] leaves 120 days before the scheduled fact-finding hearing, well-beyond the initial 60-day speedy trial period, as well as the 90-day speedy trial period, assuming without deciding that the 30-day adjournment was properly granted (see Family Ct Act § 340.1 [4], [5]). As such, the speedy trial requirements relative to juvenile delinquency proceedings were violated and the petition must be dismissed. Given the foregoing, respondent's further arguments are academic.
Garry, P.J., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.

Footnotes

Footnote 1: In the record, the parties and Family Court refer to "diversion" services. It is clear from the record and the relevant statutes that the parties and the court were referring to the adjustment process (see Family Ct Act § 320.6). To avoid confusion, adjustment will be the term used throughout this decision.

Footnote 2: It is clear from the record that Family Court considered the August 31, 2021 proceeding as the initial appearance. This appears to stem from the court having operated under the assumption that the juvenile delinquency petition was dismissed when the referral was made to Probation for adjustment services. This is not, however, the proper procedure to employ when a matter is referred to adjustment services (see Family Ct Act § 320.6 [2], [4]). Rather, the petition should only be dismissed once the case has been adjusted (see Family Ct Act § 320.6 [3]), which is not the same as referring to probation for adjustment services (compare Family Ct Act § 320.6 [4]).
Footnote 3: Although a fact-finding hearing was scheduled for November 1, 2021, it did not occur, and the reason is not stated in the record. However, even if this matter was addressed on November 1, it would have been outside the 60-day window from the initial appearance and the additional 30 days permitted for an adjournment of an individual not detained (see Family Ct Act § 340.1 [2], [4], [5]).
Footnote 4: We are crediting the entire period of adjustment services, from March 18 to August 18, 2021. However, although not directly argued on appeal, the record demonstrates that the request for an extension of the adjustment period filed by Probation was not done properly (see 22 NYCRR 205.23 [b]). The form completed by Probation indicates the services that were initiated and the date the intake began, but the request does not include a statement about the success of these services nor a statement about the need to extend the adjustment period so that it can be completed successfully (see 22 NYCRR 205.23 [b]). Probation also failed to mark the reason it was seeking the extension nor is there a statement about respondent failing to abide by the conditions of adjustment until August 11, when Probation requested that the matter be restored to Family Court's calendar.