People v Modi (2023 NY Slip Op 05699)

People v Modi

2023 NY Slip Op 05699

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Ind No. 1709/20 Appeal No. 1008 Case No. 2022-03610 

[*1]The People of the State of New York, Respondent,
v
Nehal Modi, Defendant-Appellant.

The Baker Law Firm for Criminal Appeals, PLLC, Bronx (Mark M. Baker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Mandelbaum, J.), rendered July 29, 2022, convicting defendant, after a jury trial, of grand larceny in the first degree, and sentencing him to a term of three to nine years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's credibility determinations. The evidence supports the conclusion that when defendant obtained the diamonds from the complainant for the purported purpose of selling them to Costco, defendant possessed the requisite intent to permanently deprive the complainant of them (Penal Law §§ 155.00[3], [4]; 155.05[1]). Among other things, defendant pawned the diamonds and sold them at a discount to other third parties. Defendant's subsequent efforts to make payments to the complainant do not vitiate his intent at the time of the takings (see People v Jacobs, 52 AD3d 432, 433 [1st Dept 2008]; People v Smith, 140 AD2d 259, 260-261 [1st Dept 1988], lv denied 72 NY2d 924 [1988]).
The court properly declined to instruct the jury on the theory of larceny by false promise (Penal Law § 155.05[2][d]). The evidence supported a theory of larceny by false pretenses (Penal Law § 155.05[2][a]), particularly with regard to defendant's misrepresentations to the complainant of his relationship with Costco, and the People were entitled to elect between the two theories (see People v Norman, 85 NY2d 609, 625 [1995]; People v Stuart, 51 AD3d 547, 548 [1st Dept 2008], lv denied 11 NY3d 742 [2008]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023