a jury trial, of attempted robbery in the first degree (two counts) and bail jumping in the second degree, and sentencing him to two concurrent terms of six years consecutive to a term of 1 to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including alleged motives to falsify, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]). We note that the victims' testimony was corroborated by the testimony of other witnesses, by evidence of defendant's flight, and by his statement to the police. Contrary to defendant's argument, the evidence warranted the conclusion that defendant attempted to rob two persons.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Marlow, Sullivan, Ellerin and Catterson, JJ.

The People of the State of New York, Respondent, v Eric Frost, Appellant. [791 NYS2d 434]—

Judgment, Supreme Court, Bronx County (Robert H. Straus, J., at hearing; Edward M. Davidowitz, J., at plea and sentence), rendered January 7, 2002, as amended January 29, 2002, convicting defendant of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.

The court properly denied defendant's suppression motion. The detective's brief statement to defendant in response to defendant's inquiry as to how he had been identified did not constitute the functional equivalent of interrogation and thus did not require *Miranda* warnings (*see People v Rivers*, 56 NY2d 476, 480 [1982]; *People v Lynes*, 49 NY2d 286, 294-295 [1980]). Defendant's admission, made immediately following the detective's response, was genuinely spontaneous.

The court properly denied defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). Defendant's claims of innocence and coercion were contradicted by his plea allocution and without merit. Defendant's remaining

challenge to the voluntariness of his plea is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Mazzarelli, J.P., Marlow, Sullivan, Ellerin and Catterson, JJ.