■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE LOCKE, Appellant. [806 NYS2d 803]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 9, 2003, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

On December 31, 2002, a home in the City of Kingston, Ulster County, was burglarized and credit cards were stolen. The next day the owners reported to police that the cards had been used at the ATM of a nearby gas station. A police detective viewed

the gas station video surveillance tapes and observed defendant, whom he knew, on the tape at the approximate time the cards were used, although the ATM itself was not visible. The detective and two uniformed officers went to defendant's apartment and defendant accompanied the officers back to the police station, where he was questioned by the detective and gave a tape-recorded statement. Thereafter, defendant signed consent forms for police to search his apartment and vehicle, described where to find the stolen items, and was placed under arrest.

Following a hearing, County Court denied defendant's motion to suppress his statement to police and all evidence seized, rejecting defendant's claims that police took him into custody in his apartment without a warrant in violation of his constitutional right against unreasonable searches and seizures. Defendant thereafter pleaded guilty to burglary in the second degree and was sentenced to six years in prison and five years of postrelease supervision.

Defendant now appeals, solely challenging the denial of his suppression motion and, finding no error, we affirm. Under *Payton v New York* (445 US 573, 590 [1980]), absent exigent circumstances, a nonconsensual entry into a person's home for the purpose of making a warrantless arrest violates the Fourth Amendment (*see Kirk v Louisiana*, 536 US 635, 636 [2002]; *People v Jones*, 2 NY3d 235, 239 [2004]; *People v Cleveland*, 14 AD3d 798, 799 [2005], *lv denied* 4 NY3d 829 [2005]). The detective's testimony at the hearing, which County Court credited, established that at about 5:45 P.M. he went to defendant's apartment with the officers to speak with defendant and knocked on the door, which was opened by defendant's friend. The detective then entered and was eventually informed that defendant was in the bathroom. The detective called out to defendant, who poked his head out of the bathroom. Asked if he would come to the police station to discuss the incident the day before, defendant agreed and was transported by the officers. Defendant was neither handcuffed nor arrested. They arrived at the station at about 6:30 P.M., defendant was placed in an interview room, promptly read *Miranda* warnings—defendant indicated he understood and indicated his willingness to answer questions—and he agreed to a taped interview, later signing two consent to search forms.

According deference to the suppression court's fact finding, we discern no error in its conclusions, fully supported by the detective's testimony, that defendant voluntarily accompanied police to the station and was not taken into custody until after giving a statement to police at the station (*see People v Wheeler,*

2 NY3d 370, 374 [2004]; *People v Johnson*, 17 AD3d 932, 933 [2005], *lv denied* 5 NY3d 790 [2005]; *see also People v Centano*, 76 NY2d 837, 838 [1990]; *People v Yukl*, 25 NY2d 585, 588-589 [1969], *cert denied* 400 US 851 [1970]). We find no reason to disturb County Court's decision to discredit the contrary testimony of defendant and his friend that he was forced to go to the station and that he asked to leave during the transport and while at the station (*see People v Rivenburgh*, 1 AD3d 696, 698 [2003], *lv denied* 1 NY3d 579 [2003]).

Thus, defendant's reliance upon *Payton v New York (supra)* is misplaced, as police did not enter defendant's apartment for the purpose of making a warrantless arrest and defendant was not in fact arrested or taken into custody at his apartment (*see People v Hines*, 9 AD3d 507, 510 [2004], *lv denied* 3 NY3d 707 [2004]; *People v Baird*, 111 AD2d 1044, 1045 [1985], *lv denied* 66 NY2d 761 [1985]; *cf. People v Jones, supra* at 239). Since defendant was not arrested in his home and no *Payton* violation occurred, the state constitutional rule pronounced in *People v Harris* (77 NY2d 434, 439-440 [1991])* is inapplicable, and we decline defendant's request to extend existing protections and precedents here. Defendant's remaining arguments for suppression have been carefully considered and found to be without validity.

Cardona, P.J., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.

* *People v Harris (supra)* held that custodial statements made to police, without counsel, following a *Payton* violation must be suppressed and it is unclear on the record before us if this issue is preserved.