■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO RODRIGUEZ, Appellant. [864 NYS2d 433]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered February 21, 2006, convicting defendant, after a jury trial, of persistent sexual abuse and public lewdness, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

From the time of his arrest until the completion of his final statement, defendant insisted on discussing his case with the police and pressing them for information. Defendant repeatedly asked what he was being accused of, and the detective answered his question by stating that the victim was reading a book on the train and that defendant had taken out his erect, naked penis and rubbed it on her arm. We need not determine whether that statement by the detective was the functional equivalent of interrogation requiring *Miranda* warnings (*see People v Rivers*, 56 NY2d 476, 480 [1982]; *People v Frost*, 16 AD3d 351 [2005], *lv denied* 5 NY3d 762 [2005]; *compare People v Lanahan*, 55 NY2d 711 [1981]). In any event, any error in admitting the statement defendant thereafter made was harmless, as there was no reasonable possibility that it affected the verdict (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). Defendant's subsequent pre-

*Miranda* statements in his cell were entirely spontaneous, and not the result of any police conduct.

Defendant's argument that his later, post-*Miranda* statements should have been suppressed as a continuous chain of events, tainted by the initial, improper "interrogation" is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Regardless of whether there was any prior interrogation, the post-*Miranda* statements were sufficiently attenuated, since there was a pronounced break between the statements in question, and defendant had demonstrated an unqualified desire to speak to the detective (*see People v White*, 10 NY3d 286, 291 [2008]; *People v Paulman*, 5 NY3d 122, 130-131 [2005]).

Defendant's claim that his counsel provided ineffective assistance by failing to argue that the post-*Miranda* statements should have been suppressed as part of a continuing chain of events is not properly before us (*see People v Love*, 57 NY2d 998 [1982]). Concur—Andrias, J.P., Nardelli, McGuire, Moskowitz and Renwick, JJ.