■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY DIVIESTI, Appellant. [955 NYS2d 268]—

Rose, J.

Initially, we conclude that defendant's 4th Amendment rights were not violated. The deputy who found the matching license plate on a still-warm vehicle in the driveway of defendant's residence knocked on the door, did not receive any response and, finding it unlocked, opened the door and took two or three steps inside. The deputy saw defendant standing at the top of the

stairway inside the house, called to him and asked him to come outside to speak with her. Once defendant voluntarily stepped outside the residence, the deputy engaged him in conversation, determined his identity and, based on his answers to her questions, the matching license plate and his matching physical appearance, she had reasonable suspicion to detain him for a showup identification. Inasmuch as defendant was not arrested or taken into custody inside his home, we agree with County Court that no *Payton* violation occurred (*see Payton v New York*, 445 US 573, 576 [1980]; *People v Locke*, 25 AD3d 877, 879 [2006], *lv denied* 6 NY3d 835 [2006]; *People v Hines*, 9 AD3d 507, 510 [2004], *lv denied* 3 NY3d 707 [2004]; *compare People v Jones*, 2 NY3d 235, 239 [2004]).*

Nor was the showup identification of defendant unreasonable or unduly suggestive. Defendant was found within 25 minutes in a rural area less than 10 miles from the scene of the attempted burglary and was identified roughly 45 minutes after the incident was reported. The police officers took reasonable measures to ensure that defendant was not viewed in handcuffs or surrounded by officers. As the showup identification was conducted in close geographic and temporal proximity to the crime, and the procedure used was not unduly suggestive, we agree with County Court that it was reasonable under the circumstances (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Judware*, 75 AD3d 841, 843 [2010], *lv denied* 15 NY3d 853 [2010]; *People v Mathis*, 60 AD3d 1144, 1145-1146 [2009], *lv denied* 12 NY3d 927 [2009]).

Defendant next contends that his counsel was ineffective for failing to move for a mistrial after the burglary in the second degree count was dismissed because, he argues, the jury likely inferred that he was a serial burglar after hearing all the evidence with respect to that charge. It is just as plausible, however, that counsel believed the dismissal of the top count would cause the jury to question the evidence offered in support of the remaining charges (*see People v Washington*, 89 AD3d 1140, 1142 [2011], *lv denied* 18 NY3d 963 [2012]; *People v Clark*, 115 AD2d 860, 862 [1985], *lv denied* 67 NY2d 941 [1986]). Moreover, counsel took appropriate steps to ameliorate any prejudice from the testimony by requesting and receiving a curative instruction that the evidence on the burglary charge was "not relevant," "must be disregarded" and "should play no part, no role" in the jury's deliberations. As defendant has not demon-

---

* Although the prosecutor stated at the suppression hearing that a *Payton* violation occurred, we are not bound by the erroneous concession of a legal principle (*see People v Dodson*, 96 AD2d 1116, 1118 n [1983]).

strated the absence of a strategic choice, the failure to move for a mistrial does not constitute ineffective assistance of counsel (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Cruz*, 88 AD3d 540, 540-541 [2011], *lv denied* 18 NY3d 882 [2012]; *People v Nakovics*, 144 AD2d 704, 704 [1988], *lv denied* 73 NY2d 894 [1989]).

We have considered defendant's remaining arguments, including his contention that his sentence is harsh and excessive, and find them to be unavailing.

Peters, P.J., Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.