OPINION OF THE COURT
Memorandum.
Ordered that the judgment convicting defendant of criminal possession of a forged instrument in the third degree and of criminal impersonation in the second degree, based on the *35 November 9, 2007 incident, is reversed, on the law, so much of the September 25, 2009 determination as denied the branch of defendant’s motion seeking to suppress evidence with respect to the incident is vacated, that branch of defendant’s motion is granted, and the counts of the accusatory instrument based on the November 9, 2007 incident charging those offenses are dismissed; and it is further, ordered that the judgment convicting defendant of criminal possession of a forged instrument in the third degree, based on the November 14, 2007 incident, is reversed, on the law, and the matter is remitted to the Criminal Court for further procéedings on that charge.
Insofar as is relevant to this appeal, the People charged defendant with criminal possession of a forged instrument in the third degree (Penal Law § 170.20) and criminal impersonation in the second degree (Penal Law § 190.25 [3]), alleging that, on November 9, 2007, after defendant’s vehicle had been stopped for an obstructed license plate infraction (Vehicle and Traffic Law § 402 [1] [b]), defendant had falsely claimed to be a police officer on active duty and displayed forged police documentation in an attempt to avoid a traffic citation. Thereafter, defendant was charged, in a separate accusatory instrument, with the same offenses based on analogous conduct occurring on November 14, 2007. The proceedings were consolidated for trial.
At a suppression hearing, purportedly limited to whether defendant’s statements on each occasion had been voluntary (see People v Huntley, 15 NY2d 72 [1965]), the arresting officer at each incident testified to the circumstances in which defendant’s statements had been made and the physical evidence seized, after which defense counsel argued that the stop of defendant’s vehicle on November 9, 2007 was without legal justification. There is no indication that the defense properly moved for a hearing to determine the legality of the stop (see CPL 710.60 [1], [3] [b]; People v Mendoza, 82 NY2d 415, 420 [1993]; e.g. People v Toxey, 220 AD2d 204 [1995]). However, at the hearing, the prosecutor stated that the issue should be resolved as part of the determination of whether the statements should be suppressed. There occurred extensive questioning by the Criminal Court (Desmond A. Green, J.) as to the basis for the stop, after which the court noted that there appeared to be an issue of whether defendant’s license plate had been obstructed within the statute’s meaning. Nevertheless, at the hearing’s conclusion, the court ruled only that the statements were “noncustodial” and therefore admissible. Defendant’s *36 statements and the physical evidence seized in the course of the November 9, 2007 incident were admitted at the subsequent jury trial, and the jury convicted defendant of both counts arising from the November 9, 2007 incident and of the count of criminal possession of a forged instrument in the third degree arising from the November 14, 2007 incident, and acquitted defendant of the remaining charge with respect to the latter incident.
On appeal, defendant argues, among other things, that the Criminal Court erred in failing to suppress the evidence obtained on November 9, 2007 or, in the alternative, if the record is construed to indicate that the court declined to reach the merits of the legality of the stop because no motion to suppress evidence on that basis was before it, that trial counsel’s representation was ineffective in failing to properly move to suppress evidence on that ground. The People concede that the statements and physical evidence obtained during the first incident should have been suppressed based on a violation of the Fourth Amendment, and recommend that the conviction arising therefrom be reversed and the counts of the accusatory instrument based on the November 9, 2007 incident charging criminal possession of a forged instrument in the third degree and criminal impersonation in the second degree be dismissed. They urge, however, that, with respect to the conviction based on the November 14, 2007 incident, the admission at trial of the evidence derived from the November 9, 2007 stop was harmless, given the overwhelming evidence of guilt of the charge of criminal possession of a forged instrument in the third degree arising from the November 14, 2007 incident, and that the representation of trial counsel was otherwise meaningful.
First, the prosecutor’s conduct at the hearing waived any claim that Mapp/Dunaway issues were not before the court because defendant had failed to properly seek those hearings. The purpose of the notice requirement is to protect the People from unfair surprise and to afford them “a sufficient opportunity to respond to the defendant’s suppression claims” (People v Mezon, 80 NY2d 155, 160 [1992]), and while a court may not “abrogate the written notice requirement of CPL 710.60 (1)” (id. at 159; e.g. People v Deluca, 204 AD2d 655, 655-656 [1994] [the court “was without authority to entertain the oral suppression motion made by the defendant in violation of CPL 710.60 (1)”]), the Mezon Court deemed applicable to the statute “the general principle that the parties to a litigation *37 may adopt their own rules by the simple expedient of failing to object” (80 NY2d at 160 [internal quotation marks and citation omitted]). Thus, while a court may decline to entertain an oral suppression motion as a “nullity,” that is, by treating it “as if it had never been made” (id. at 161), where, as here, the People did not object to the lack of a writing and addressed the oral motion on the merits, the motion should have been entertained. Consequently, we find that the question of the legality of the stop on November 9, 2007 was properly before the court, and that the failure to suppress the evidence obtained as a result of the stop, both testimonial and physical, was error (People v Cook, 30 Misc 3d 134[A], 2011 NY Slip Op 50084[U], *1 [App Term, 9th & 10th Jud Dists 2011]).
Although an appellate court is not bound by “the erroneous concession of a legal principle” (People v Diviesti, 101 AD3d 1163, 1164 n [2012]; see also People v Berrios, 28 NY2d 361, 366 [1971]), on the facts developed at the suppression hearing, we agree that the stop of defendant’s vehicle on November 9, 2007 was without legal justification. The purpose of Vehicle and Traffic Law § 402 (1) (b) is “to ensure the readability of information printed on license plates and thereby facilitate the easy identification of vehicles” (United States v Williams, 2011 WL 5843475, *6, 2011 US Dist LEXIS 134352, *15 [SD NY, Nov. 21, 2011, No. 11 Cr. 228], citing People v Baez, 131 Misc 2d 689 [Crim Ct, Bronx County 1986]). The offense is committed where there is an actual obstruction of information related to vehicle identification (see People v Newman, 96 AD3d 34, 37 [2012] [a violation of section 402 (1) was established where “(t)he name of the state on the rear license plate was covered by the bottom of the license plate holder and was not visible”]). Here, the arresting officer testified that he based the stop on the presence of a “frame” around the perimeter of defendant’s license plate, and claimed that a portion of the license was obstructed thereby. However, shown a photograph of the plate (there was no dispute that it depicted the plate as it appeared at the time of the stop), the officer subsequently conceded that there was no such obstruction and that he had based the stop on the belief that the mere existence of such a frame violates the statute. While “[i]t is well settled that the police may lawfully stop a vehicle based on a reasonable suspicion that there has been a Vehicle and Traffic Law violation” (People v Rorris, 52 AD3d 869, 870 [2008]), where, as here, “the officer’s belief is based on an erroneous interpretation of law, the stop is illegal at the outset *38 and any further actions by the police as a direct result of the stop are illegal” (Matter of Byer v Jackson, 241 AD2d 943, 944-945 [1997]).
Were we to determine that the Criminal Court properly declined to reach the merits of the legality of the stop owing to the absence of a written motion to suppress evidence on that ground, we would find that defendant was denied the effective assistance of counsel.
“The right to effective assistance of counsel is guaranteed by the Federal and State constitutions. Under the federal standard ... a defendant must show that his or her attorney’s performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. Under the state standard, the constitutional requirements for the effective assistance of counsel are met when the defense attorney provides meaningful representation” (People v Mehmood, 112 AD3d 850, 854 [2013] [internal quotation marks and citations omitted]).
An attorney may be ineffective by either standard if he or she “fail[s] to make proper inquiry of the factual basis for a hearing or . . . make[s] erroneous legal judgments about the viability of a request for a hearing” (People v Rivera, 71 NY2d 705, 709 [1988]; see also People v Walker, 115 AD3d 889, 889 [2014] [“ ‘(t)he failure to raise or adequately pursue a viable suppression claim may constitute the ineffective assistance of counsel’ ”], quoting People v Cyrus, 48 AD3d 150, 160 [2007]). “[A] single error may qualify as ineffective assistance ... [if] ‘sufficiently egregious and prejudicial as to compromise a defendant’s right to a fair trial’ ” (People v Johnson, 37 AD3d 363, 363-364 [2007], quoting People v Caban, 5 NY3d 143, 152 [2005]). Thus, if the trial court properly based its refusal to consider the issue of the validity of the stop upon counsel’s failure to properly move to suppress evidence essential to a viable prosecution of the charges arising from the incident of November 9, 2007, a plainly meritorious ground, defendant was denied the effective assistance of counsel. Further, given the “quantum and nature” of the evidence obtained on November 9, 2007, there is little doubt that, had the evidence been suppressed, the charges based thereon would have been dismissed (People v Wells, 21 NY3d 716, 718 [2013]). Further, as the “causal effect” (id.) of the admission of that evidence at the joint trial could *39 only have greatly prejudiced the defense of the charge arising from the incident of November 14, 2007, the error cannot be considered harmless with respect to that conviction (People v Crimmins, 36 NY2d 230, 240 [1975]).
In light of the foregoing, we need not address defendant’s remaining contentions.
Accordingly, the judgment convicting defendant of criminal possession of a forged instrument in the third degree and of criminal impersonation in the second degree, based on the November 9, 2007 incident, is reversed, so much of the September 25, 2009 determination as denied the branch of defendant’s motion seeking to suppress evidence with respect to the incident is vacated, that branch of defendant’s motion is granted, and the counts of the accusatory instrument based on the November 9, 2007 incident charging those offenses are dismissed. Moreover, the judgment convicting defendant of criminal possession of a forged instrument in the third degree, based on the November 14, 2007 incident, is reversed, and the matter is remitted to the Criminal Court for further proceedings on that charge.
Weston, J.P., Solomon and Elliot, JJ., concur.