=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 212  SSM 23
The People &c.,
          Respondent,
        v.
Karl Chu-Joi, &c.,
          Appellant.

Submitted by Elisha Rudolph, for appellant.
Submitted by Rona I. Kugler, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

Defendant Chu-Joi[1] appeals from an order of the Appellate

---

[1] Defendant is also known as Karl, Chu-Joy, and Chujoi.

- 1 -

Division, Second Department, which affirmed Supreme Court's denial, without a hearing, of defendant's CPL 440.20 motion to set aside his sentence.  Defendant contends that his allegations and supporting documents establish he was fifteen years old at the time of the offense and therefore should have been sentenced as a juvenile offender not as an adult.  In support of his motion, defendant, who was born in Peru, attached a copy of his baptismal and birth certificates, documents that his former legal name was "Karl Sebastian Hondermann Pino," and affidavits alleging that his now deceased grandparents had fraudulently created the birth certificate on record with the Peruvian government.  In opposition, the People submitted the following documents provided by the Peruvian government: (1) a letter from the Archdiocese stating that defendant's purported baptismal certificate is a "forgery"; (2) an official birth certificate from the National Identification and Civil Registry of Peru indicating "Karl Hondermann Pino" was born June 24, 1976; and (3) a letter that a new "extraordinary registration" for defendant, listing a 1977 birth date, was filed in 2011.  The People also submitted a copy of defendant's Peruvian passport, which indicated he was born in 1976, and which defendant himself had presented to the court in connection with a previous crime, to demonstrate that he was only fifteen years old at the time.

A court can "determine on written submissions whether the motion can be decided without a hearing" (People v

Satterfield, 66 NY2d 796, 799 [1985]).  Under CPL 440.30[4], a court may deny a CPL 440.20 motion without a hearing where an allegation of fact essential to support the motion is "conclusively refuted by unquestionable documentary proof," or "contradicted by a court record or other official document" and "there is no reasonable possibility that such allegation is true" (CPL 440.30 [4][c],[d]).

The People provided "unquestionable documentary proof" from the Peruvian government that defendant was sixteen at the time of the murder, effectively refuting any reasonable possibility that defendant's claims were accurate.  Moreover, the court was not required to credit defendant's evidence of fraud that was self-serving and uncorroborated, nor allegations that the records provided by the Peruvian government were forgeries created by defendant's grandparents (see People v White, 309 NY 636, 641 [1956] [court does not have "to accept every sworn allegation as true"]). Therefore, the Appellate Division did not abuse its discretion when it affirmed the trial court's decision (see People v Friegood, 58 NY2d 467 [1983]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum.  Chief Judge Lippman and Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided December 15, 2015