*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 14, 2016                    108011
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

HERIBERTO ORTIZ JR.,
                        Appellant.
_____

Calendar Date:   June 3, 2016

Before:   Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

                        _____


        William E. Montgomery III, Glens Falls, for appellant.

        J. Anthony Jordan, District Attorney, Fort Edward (Sara E.
Fischer of counsel), for respondent.

                        _____


Clark, J.

        Appeal from a judgment of the County Court of Washington
County (McKeighan, J.), rendered February 17, 2015, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a controlled substance in the third degree (two
counts).

        On May 21, 2014, Detective Scott Gillis and Sergeant John
Kibling of the Hudson Falls Police Department went to an
apartment in the Village of Hudson Falls, Washington County to
investigate suspected drug activity.  The apartment owner
answered the door, permitted the officers to enter, informed the
officers that a guest was in the bathroom and ultimately
consented to a search of her home.  Upon Gillis' direction, the
guest, later identified as defendant, exited the bathroom and

eventually provided his true name and identification to the officers. The owner informed Gillis that defendant had been selling drugs out of her home, and, after running an inquiry, the officers learned that defendant was wanted by the Warren County Sheriff's Department on an active bench warrant for failure to pay a fine. Defendant was thereafter arrested on that warrant. Following defendant's arrest, Gillis observed a duffel bag behind the couch and asked defendant whether the bag belonged to him and, if so, whether he would like it brought to the police station. Defendant acknowledged that the bag belonged to him, but did not respond to the second question. Gillis searched defendant's person and the bag, finding, among other things, crack cocaine inside a can in the bag.

Defendant was indicted on two counts of criminal possession of a controlled substance in the third degree, and County Court denied his subsequent motion to suppress the physical evidence and his statements to law enforcement. Defendant pleaded guilty to both counts and was sentenced, in accordance with the plea agreement, to two concurrent prison terms of 10½ years and three years of postrelease supervision. Defendant appeals, primarily challenging the denial of his motion to suppress.[1]

Initially, we reject defendant's argument that his arrest in Washington County pursuant to the bench warrant issued in Warren County was unlawful. Inasmuch as the arresting officers relied on the information relayed to them by another police agency and Warren County adjoins Washington County, defendant was properly arrested on that warrant (see CPL 530.70 [1]; People v Ennis, 186 AD2d 145, 146 [1992], lv denied 81 NY2d 762 [1992]).

We also find unavailing defendant's contention that Gillis unlawfully asked for his name and identification. We begin our analysis by noting that the analytical framework set forth in People v De Bour (40 NY2d 210 [1976]) does not apply to criminal

_____

[1] Defendant's challenge to County Court's denial of his motion to suppress survived his guilty plea (see CPL 710.70 [2]; People v Cogdell, 126 AD3d 1136, 1138 [2015], lv denied 25 NY3d 1200 [2015]).

investigations at a residence (see People v Madden, 58 AD3d 1023, 1025 [2009]). "Rather, a warrant supported by probable cause . . . is required before such investigations will be permitted," in the absence of which "governmental intrusion into the privacy of the home will not be permitted unless an exception to the warrant requirement applies" (id.; see People v Gonzalez, 39 NY2d 122, 127 [1976]). That being said, it is well settled that one of the limited exceptions to the warrant requirement is voluntary consent (see People v Gonzalez, 39 NY2d at 127; People v Madden, 58 AD3d at 1025). In this regard, Gillis testified, and defendant concedes, that the apartment owner permitted the officers to enter and examine her home (see People v Hook, 80 AD3d 881, 882 [2011], lv denied 17 NY3d 806 [2011]). Thus, our inquiry shifts to whether defendant was unlawfully detained and questioned when he exited the bathroom of the residence.

It is axiomatic that "Miranda safeguards are not triggered unless a suspect is subject to custodial interrogation" (People v Chaplin, 134 AD3d 1148, 1150 [2015] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [May 10, 2016]; see People v Mercado, 113 AD3d 930, 931 [2014], lv denied 23 NY3d 1040 [2014]). Here, Gillis' questioning of defendant following his exit from the bathroom up until his arrest on the active warrant was neither custodial nor interrogatory. Gillis testified that, when defendant exited the bathroom, he sat on the couch on his own accord, and Gillis asked him for his name and identification. Although defendant initially stated that his name was "Mike," upon a follow-up question, he provided his real name and identification. At that point, the officers had no reason to keep defendant at the apartment, and they did not ask him any other questions prior to his arrest on the warrant. While the officers were still in possession of defendant's driver's license, we cannot conclude, on this record, that "a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Paulman, 5 NY3d 122, 129 [2005]; see People v Locke, 25 AD3d 877, 878 [2006], lv denied 6 NY3d 835 [2006]; People v Johnson, 17 AD3d 932, 933-934 [2005], lv denied 5 NY3d 790 [2005]). In addition, because the questioning at issue was limited to eliciting pedigree information, it did not constitute an interrogation (see People v Rivera, 26 NY2d 304, 309 [1970]; People v Kreydatus, 305 AD2d

935, 936 [2003], lv denied 100 NY2d 595 [2003]).

Next, although the search of defendant's person was incident to his lawful arrest (see People v Cruz, 131 AD3d 724, 726 [2015], lv denied 26 NY3d 1087 [2015]), we agree with defendant that his duffel bag was illegally searched and seized. To justify a warrantless search of a closed container incident to arrest, the People must satisfy two requirements: "The first imposes spatial and temporal limitations to ensure that the search is not significantly divorced in time or place from the arrest. The second, and equally important, predicate requires the People to demonstrate the presence of exigent circumstances" (People v Jimenez, 22 NY3d 717, 721-722 [2014] [internal quotation marks and citations omitted]; see People v Morales, 126 AD3d 43, 45 [2015]). Two interests underlie the exigency requirement: "'the safety of the public and the arresting officer; and the protection of evidence from destruction or concealment'" (People v Jimenez, 22 NY3d at 722, quoting People v Gokey, 60 NY2d 309, 312 [1983]).

The People failed to establish the existence of exigent circumstances justifying the search of defendant's duffel bag. Gillis testified that the bag was still against the wall when defendant was handcuffed and personally searched pursuant to the outstanding warrant, and Gillis had to physically retrieve the bag from behind the couch in order to search it. In addition, the officers had searched the residence prior to arresting defendant and did not find any evidence of drug activity or paraphernalia, the owner told Gillis that there was nothing illegal in the apartment and defendant denied that there was contraband in the bag when questioned about its contents. Thus, the search of the subject bag was improper and its contents — namely, crack cocaine, cell phones and train tickets — should have been suppressed (see People v Jimenez, 22 NY3d at 723-724; People v Wilcox, 134 AD3d 1397, 1399 [2015]; People v Morales, 126 AD3d at 46-48; People v Boler, 106 AD3d 1119, 1123 [2013]).

We likewise agree with defendant that his postarrest, pre-Miranda statements concerning the ownership and contents of the duffel bag must be suppressed. When making those statements, defendant had already been arrested on the active warrant. In

the absence of any other circumstance justifying police inquiry, the subject questioning constituted a custodial interrogation, requiring suppression of the resulting statements (see People v Soto, 183 AD2d 926, 927 [1992]; compare People v Jemmott, 116 AD3d 1244, 1245 [2014]; People v Coffey, 107 AD3d 1047, 1050 [2013], lv denied 21 NY3d 1041 [2013]).

We reach a different conclusion, however, with respect to defendant's postarrest statements made at the police station. Although Gillis did not recall whether defendant indicated that he understood his Miranda rights, and there were no notes confirming that defendant had been advised of such rights, Gillis testified that he administered Miranda warnings to defendant prior to questioning him and that defendant expressed a willingness to speak with him without an attorney. According "great weight" to County Court's determination that defendant implicitly waived his Miranda rights (People v Cipriani, 267 AD2d 595, 597 [1999], lvs denied 95 NY2d 833 [2000], cert denied 531 US 1092 [2001]), the court properly denied that portion of defendant's motion seeking to suppress his postarrest statements (see People v Goncalves, 288 AD2d 883, 884 [2001], lv denied 97 NY2d 729 [2002]; People v Carrion, 277 AD2d 480, 481 [2000], lv denied 96 NY2d 757 [2001]).[2] Defendant's remaining argument is unpreserved and, in any event, lacks merit.

Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ., concur.

---

[2] We note that defendant did not argue, either before County Court or on appeal, that the postarrest statements he made at the police station should have been suppressed as the product of a continuous custodial interrogation (see People v Tutt, 38 NY2d 1011, 1013 [1976]; People v Rodriguez, 55 AD3d 351, 352 [2008], lv denied 12 NY3d 762 [2009]; People v Rogers, 34 AD3d 504, 504-505 [2006], lv denied 8 NY3d 849 [2007]).

        ORDERED that the judgment is reversed, on the law, defendant's motion to suppress granted to the extent of suppressing the contents of the duffel bag and certain pre-Miranda statements as more specifically set forth herein; matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


                        ENTER:


                        Robert D. Mayberger
                        Clerk of the Court