People v Peters (2018 NY Slip Op 07947)





People v Peters


2018 NY Slip Op 07947


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Renwick, J.P., Richter, Tom, Kern, Oing, JJ.


7662 5080/08

[*1]The People of the State of New York, Respondent,
v
Melvin Peters, Defendant-Appellant.


Richard M. Greenberg, Office of the Appellate Defender, New York (Lisa A. Packard of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Patricia M. Nuñez, J. at hearing; Juan M. Merchan, J. at jury trial and sentencing), rendered June 7, 2011, convicting defendant of murder in the second degree (two counts), kidnapping in the first degree, gang assault in the first degree and robbery in the first, second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 45 years to life, unanimously affirmed.
The court properly denied defendant's motion to suppress his ultimate statement to a detective. After defendant refused to speak to two detectives or allow them to give Miranda warnings, these detectives engaged in the functional equivalent of interrogation by showing defendant a surveillance video, prompting a statement by defendant which, as the People concede, was properly suppressed. When a third detective, who was unaware of these events, entered the interview room, defendant spontaneously announced that, although he refused to speak any further to the first two detectives, he insisted on speaking to the third. Shortly thereafter, outside the presence of the other two, the third detective administered Miranda warnings and took a statement. The record supports the court's finding that this statement was attenuated from the suppressed statement (see People v White, 10 NY3d 286, 288 [2008], cert denied 555 US 897 [2008]; People v Paulman, 5 NY3d 122, 130-131 [2005]). There was a pronounced break between the statements, the second statement was made to different interviewer, and "defendant had demonstrated an unqualified desire to speak to the [third] detective" (People v Rodriguez, 55 AD3d 351, 352 [1st Dept 2008], lv denied 12 NY3d 762 [2009]).
Defendant's arguments concerning the sufficiency and weight of the evidence supporting his convictions of kidnapping and of felony murder (based on robbery and kidnapping) are unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established each of the charges, and refuted the defense to felony murder set forth in Penal Law § 125.25(3). There is no basis for disturbing the jury's credibility determinations. Defendant's principal argument is that the incident took place in two phases, and that while he concededly took part in a robbery and gang assault in the first phase, he did not participate in the second phase where the victim was shot and killed. However, the evidence, including several surveillance videotapes and proof of the time when the shooting occurred, supports the conclusion that defendant's intentional participation in the crime continued throughout, and that he was accessorially liable for the conduct of the other participants. We have considered and rejected defendant's remaining claims concerning the sufficiency and weight of the evidence.
The court providently exercised its discretion in permitting the People to introduce evidence on rebuttal that, while incarcerated pending trial, defendant assaulted a correction officer and made a threat that could be interpreted as an admission of his guilt of the instant murder. Even though the court had originally precluded the People from introducing this evidence on their direct case, after defendant testified it became clear that the probative value of [*2]this evidence exceeded any prejudicial effect (see People v Massie, 2 NY3d 179, 183-185 [2004]).
Defendant's absence from a portion of the discussion between the court and the attorneys of a jury note requesting certain legal instruction does not require reversal. The conference involved a purely legal matter about which defendant could not have provided meaningful input (see People v Harris, 76 NY2d 810 [1990]; People v Salley, 25 AD3d 473, 474-475 [1st Dept 2006], lv denied 6 NY3d 838 [2006]).
Defendant did not preserve any of his claims regarding incidents involving prospective and sworn jurors, his challenges to the prosecutor's summation, and his claim regarding sentencing procedure, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal or resentencing.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received
effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
The court lawfully imposed consecutive sentences for separate acts (see Penal Law § 70.25[2]), and we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK