People v Pittman
2026 NY Slip Op 03478
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Kaywon L. Pittman, Appellant.

Decided and Entered:June 4, 2026
CR-23-0389
Calendar Date: April 21, 2026
Before: Garry, P.J., Reynolds Fitzgerald, Ceresia, Powers And Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland, for respondent.

[*1]
Garry, P.J.
Appeals (1) from a judgment of the County Court of Cortland County (David Alexander, J.), rendered April 18, 2023, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), and (2) from a judgment of said court, rendered July 18, 2023, which resentenced defendant.
In March 2022, Cortland City Police officers responded to a 911 call concerning a domestic disturbance involving defendant. Two officers ultimately located defendant in a public area and engaged him regarding the call. Meanwhile, dispatch reported that there was an active arrest warrant for defendant out of Genesee County Family Court, prompting a road sergeant to respond to defendant's location. The sergeant informed defendant that he was not under arrest at that time but was being detained while the warrant was confirmed. At that point, the sergeant took possession of a backpack that defendant had on his person, handcuffed him and secured him in the rear seat of a police vehicle. Upon confirmation that Genesee County wished to extradite him, defendant was transported to the police station for booking. While defendant was being booked, the sergeant commenced a warrantless search of his backpack. In the course of that search, and prior to Miranda rights being administered, defendant advised the sergeant that a fanny pack within the backpack contained a pistol. The pistol was recovered, and defendant was then placed under arrest for possessing the weapon.
For that possession, defendant was charged by indictment with criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree. He thereafter moved to suppress his statements to law enforcement and the physical evidence recovered during the search. County Court denied the motion, finding that the statements were spontaneous and that the People had demonstrated the requirements of a search incident to lawful arrest.
Defendant subsequently pleaded guilty to the indictment, with sentencing left to County Court's discretion. In April 2023, County Court sentenced defendant, as a second violent felony offender, to a prison term of seven years for his conviction of criminal possession of a weapon in the second degree, to be followed by five years of postrelease supervision, together with lesser concurrent prison terms for the remaining convictions. County Court resentenced him in July 2023, correcting an error in one of the lesser sentences. Defendant appeals.
We agree with defendant that County Court erred in failing to suppress his statements to law enforcement. "Spontaneous statements made while in custody which are not the product of questioning or its functional equivalent clearly are admissible regardless of whether Miranda warnings were given," but "[a] genuinely spontaneous statement is one blurted out without any inducement, provocation, encouragement [*2]or acquiescence, no matter how subtly employed" (People v Ashe, 208 AD3d 1500, 1505 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 39 NY3d 961 [2022]; see People v George, 127 AD3d 1496, 1497 [3d Dept 2015])."The test is not whether defendant, through hindsight, claims that the police intended to provoke an incriminating response; rather, County Court, using an objective standard, must determine whether defendant's statement can be said to have been triggered by police conduct that should reasonably have been anticipated to evoke a statement from defendant" (People v Higgins, 124 AD3d 929, 932 [3d Dept 2015] [internal quotation marks and citations omitted]; see People v Van Patten,48 AD3d 30, 34 [3d Dept 2007], lv denied 10 NY3d 845 [2008]).
At the suppression hearing, the sergeant who conducted the subject search testified that, upon removing the fanny pack from defendant's backpack, he perceived that the fanny pack was heavy and contained a hard object "shaped like a pistol." At that point, defendant, being booked 8 to 10 feet away, offered, "I can tell you what's in there." The sergeant inquired, "Yeah? What's in there?," to which defendant replied, "It's a pistol." In view of defendant's detention and arrest, the location of the search and the sergeant's admitted knowledge that the fanny pack contained a heavy pistol-shaped object, his question asking defendant what was contained inside the fanny pack was reasonably likely to trigger an incriminating statement — i.e., that the fanny pack contained a gun. As such, County Court erred in determining that defendant's statements were spontaneous, and they should have been suppressed (see People v Campbell, 227 AD3d 418, 418 [1st Dept 2024], lv denied 42 NY3d 926 [2024]; People v Corey, 209 AD3d 1306, 1307 [4th Dept 2022]; People v George, 127 AD3d at 1497-1498).FN1
As for the pistol, we first note that defendant has failed to challenge County Court's conclusion that the subject search was incident to a lawful arrest, instead focusing on the propriety of the initial detention, which was not a basis of the court's suppression decision. Nevertheless, the court's search incident to arrest analysis rested, in large part, upon the statement that we now find is subject to suppression. We must therefore independently assess whether the remaining evidence supports the warrantless search. Considering the sole theory advanced by the People at the hearing, we are constrained to find that it does not.
"To justify a warrantless search of a closed container incident to arrest, the People must satisfy two requirements: The first imposes spatial and temporal limitations to ensure that the search is not significantly divorced in time or place from the arrest. The second, and equally important, predicate requires the People to demonstrate the presence of exigent circumstances" (People v Ortiz, 141 AD3d 872, 875 [3d Dept 2016] [internal quotation marks and citations omitted]; see[*3]People v Smith, 59 NY2d 454, 458 [1983]). Two policies underlie the exigency requirement: "the safety of the public and the arresting officer; and the protection of evidence from destruction or concealment" (People v Jimenez, 22 NY3d 717, 722 [2014] [internal quotations marks and citation omitted]; see People v Crosse, 197 AD3d 792, 796 [3d Dept 2021]).
At the hearing, the sergeant confirmed that defendant's backpack had already been secured when defendant was detained, handcuffed and placed in the rear seat of the vehicle — although it remains unclear at precisely what point defendant's detention ripened into an arrest. The sergeant also established that law enforcement retained control of the backpack at all times thereafter and that he carried it into the station separately as defendant was escorted by another officer and booked in a different area. Defendant's backpack was thus not on his person or within his immediate control or "grabbable area" at the time the search was conducted so as to raise concerns over evidence destruction (People v Gokey, 60 NY2d 309, 312 [1983] [internal quotation marks omitted]; see People v Morales, 126 AD3d 43, 46-49 [1st Dept 2015]; People v Boler, 106 AD3d 1119, 1123 [3d Dept 2013]). Further, although defendant was arrested pursuant to a Family Court warrant, it was not established that the warrant was for any specific conduct, let alone conduct suggestive of the presence of a weapon (see People v Gokey, 60 NY2d at 313; People v Crosse, 197 AD3d at 796). Nor was there any evidence adduced at the hearing regarding the domestic disturbance that gave rise to the discovery of the warrant. The sergeant also testified that defendant had been compliant and cooperative at all times, and there was no indication of any subjective or objective concern for public safety (see People v Jimenez, 22 NY3d at 723; People v Crosse, 197 AD3d at 796; People v Thompson, 118 AD3d 922, 924 [2d Dept 2014]). Although the circumstances presented may have, upon a different record, supported the validity of an inventory search conducted pursuant to standardized police procedures, the People neither relied upon nor developed such a theory at the suppression hearing, electing instead to defend the search solely as one incident to arrest, and any passing attempt to raise that theory now is not properly before us (see People v Allen, 132 AD3d 1156, 1158 [3d Dept 2015], lv denied 26 NY3d 1107 [2016]; People v Thompson, 118 AD3d at 924). On this record, we cannot agree that the People carried their burden to overcome the presumption of unreasonableness that attaches to a warrantless search, and the physical evidence therefore should have also been suppressed (see People v Jimenez, 22 NY3d at 721, 724; People v Crosse, 197 AD3d at 796; People v Ortiz, 141 AD3d at 875; People v Boler, 106 AD3d at 1123).
Given that the pistol and defendant's admission to knowingly possessing same are central evidence supporting the charges to which he pleaded guilty[*4], the foregoing errors cannot be deemed harmless (see People v Robles, 42 NY3d 694, 696-698 [2024]). Defendant's conviction must therefore be reversed and his plea vacated (see People v Grandoit, 242 AD3d 1298, 1303 [3d Dept 2025]; People v Gray, 234 AD3d 1130, 1136 [3d Dept 2025]). In light of our disposition, defendant's remaining contentions are academic.
Reynolds Fitzgerald, Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the judgments are reversed, on the law, motion to suppress granted, plea vacated and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1
The People's assertion that the subject question triggered the public safety exception to the Miranda requirement, for emergency circumstances (see generallyPeople v Doll, 21 NY3d 665, 670-671 [2013], cert denied 572 US 1022 [2014]), is raised for the first time on appeal and is therefore not properly before us (seePeople v Allen, 132 AD3d 1156, 1158 [3d Dept 2015], lv denied 26 NY3d 1107 [2016]; People v Betancourt, 153 AD2d 750, 752-753 [2d Dept 1989], lv denied 75 NY2d 767 [1989]).